UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID ARCHULETA,

    Plaintiff,

    v.                                                   CIV. NO. 07-894 WJ/ACT

SANDIA NATIONAL LABORATORIES d/b/a
SANDIA CORPORATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion to Compel and for Sanctions ("Motion") filed October 18, 2008 [Doc. 28]. Plaintiff filed a Response on October 26, 2008 [Doc. 29] and Defendant filed a Reply on November 7, 2008 [Doc. 32]. The Court has reviewed all the pleadings and being sufficiently advised in the premises finds that Defendant's Motion is well taken in part.

Plaintiff filed a Complaint for Employment Discrimination on September 10, 2007 alleging discrimination on the basis of race and discrimination on the basis of disability under the Americans with Disabilities Act ("ADA"). To prove a *prima facie* case of discrimination under the ADA Plaintiff must prove: (1) he was disabled within the meaning of the ADA; (2) he was qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) he was discriminated against because of his disability. *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1188 (10th Cir.2003)

Defendant first learned that Plaintiff had applied for social security disability benefits and was awarded benefits for disability by the Social Security Administration during Plaintiff's

deposition on July 18, 2008. Plaintiff was awarded benefits in a letter dated April 21, 2006.

Plaintiff failed to provide this information on at least four prior occasions.

<u>Initial disclosures.</u>

Plaintiff provided his initial disclosures on December 27, 2007.

Rule 26(a)(1)(A) provides, in part:

....a party must, without awaiting a discovery request, provide to other parties:

(ii)   a copy of--or a description by category and location--of, all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii)   a computation of any category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extension of injuries suffered;....

Fed.R.Civ.P. 26(a)(1)(A)(ii) and (iii).

In his initial disclosures, Plaintiff failed to provide any documents concerning his social security application and award of benefits or disclose this information in his computation of damages. Clearly Plaintiff should have provided such information in his initial disclosures. Fed.R.Civ.P. 26(a)(1)(A), 1993 Amendments, Advisory Committee Notes ("As the functional equivalent of court-ordered interrogatories, this paragraph requires early disclosure, without need of any request, of four types of information that have been customarily secured early in litigation through formal discovery.")

<u>Written discovery</u>.

Interrogatory No. 1 of Defendant's First Set of Interrogatories asks:

Do you, your agents or attorneys have any reports or records not heretofore produced

2

concerning allegations made by you in the Complaint, if so, list the date, name and source of any such documents.

Interrogatory No. 16 asks:

Please state each and every fact which forms the basis of your claim that your disc problem qualified as a disability, i.e., limiting a major life activity.

Request for Production No. 1 of Defendant's First Requests for Production of Documents asks:

Please produce all documents which support your answers to Interrogatories Nos. 1 through 17 of Defendant's First Set of Interrogatories to Plaintiff.

In all three responses, Plaintiff did not disclose that he has been found disabled by the Social Security Administration and awarded benefits. On September 24, 2008, Plaintiff produced 4 pages of documents concerning his social security application and award of benefits.

<u>Sanctions</u>.

The determination of a correct sanction for a discovery violation is a fact specific inquiry. *Erhenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The *Ehrenhaus* factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigation; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus* at 921.

*Degree of actual prejudice to the opposing party*.

As a result of Plaintiff's failure to disclose that he was found disabled by the Social Security Administration, Defendant has been unaware until his deposition of an important fact concerning Plaintiff's claim. Discovery in this matter terminated on September 30, 2008 and the deadline for filing dispositive motions was October 31, 2008. Thus, Defendant was not able to conduct any

discovery into the issue of Plaintiff's social security benefits and filed its Motion for Summary Judgment without all the facts concerning Plaintiff's social security benefits.

*Interference with judicial process*.

Plaintiff has on four occasions disregarded his responsibility to disclose the fact he applied for and received social security benefits. In doing so Plaintiff has disregarded the rules governing discovery.

*Culpability of litigant*.

Based on the record before the Court, Plaintiff intentionally withheld this information.

*Prior warning*.

At this time, the Court will impose a lesser sanction than dismissal. However, the Court warns the Plaintiff that if he does not comply with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of New Mexico, or any orders of the Court, the Court may dismiss his claims with prejudice.

*Efficacy of lesser sanctions*.

The court determines that requiring Plaintiff to pay Defendant's attorneys' fees and costs would be an appropriate sanction.

**IT IS THEREFORE ORDERED** that:

1. Defendant's Motion to Compel and for Sanctions is granted in part and Plaintiff will sign and provide to the Defendant a release for social security disability records within ten (10) days of entry of this Order.

2. Counsel for Defendant will file affidavits itemizing the time, attorneys' fees and costs incurred in filing the Motion to Compel within fifteen (15) days of entry of this Order.

3. Plaintiff may respond within ten (10) days of entry of Defendant's affidavits.

4. Failure to comply with this Order may result in the dismissal of Plaintiff's claims with prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**